IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 19-cr-00351-8 |
| ) | |
| v. ) | |
| ) | Judge Sharon Johnson Coleman |
| JUAN MANUEL BARENAS-REYNOSO, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION AND ORDER**

Defendant Juan Manuel Barenas-Reynoso is charged with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) as well as possessing a firearm in furtherance of a drug-trafficking crime in violation of 18 U.S.C. § 924(c). Before the Court is his motion to dismiss the indictment on Second Amendment grounds in light of recent Supreme Court case *New York State Rifle & Pistol Ass'n., Inc. v. Bruen*, 142 S. Ct. 2111, 213 L. Ed. 2d 387 (2022). For the following reasons, the motion [603] is denied.

**Background**

As set forth in his Pretrial Services bail report, at the time of his arrest, Barenas-Reynoso had multiple prior criminal convictions, including a June 13, 2008, felony conviction for Possession of a Controlled Substance with Intent, for which he was sentenced to serve seven years' imprisonment.

On April 25, 2019, agents and officers with the DEA arrested Barenas-Reynoso pursuant to a warrant. Following his arrest, Barenas-Reynoso consented to the search of his home, where agents located a ledger, narcotics, packaging materials, a digital scale, keys, several phones, and a firearm. The arrest warrant was based on Barenas-Reynoso being charged by criminal complaint with participating in a narcotics conspiracy in violation of 21 U.S.C. § 846. Barenas-Reynoso was subsequently charged by indictment with that same offense, as well as three substantive drug

offenses in violation of 21 U.S.C. § 841(a)(1), and the two gun counts at issue presently. The conspiracy and two drug counts proceeded to trial. Barenas-Reynoso was convicted of drug conspiracy and one substantive drug count, and acquitted of one substantive drug count. Barenas-Reynoso now moves to dismiss the indictment as to the charges of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1), as well as possessing a firearm in furtherance of a drug-trafficking crime in violation of 18 U.S.C. § 924(c) as unconstitutional in light of *Bruen*, 142 S. Ct. 2111.

**Legal Standard**

Federal Rule of Criminal Procedure 12(b)(1) provides that "[a] party may raise by pretrial motion any defense, objection, or request that the court can determine without a trial on the merits." Rule 12 authorizes defendants to challenge the lawfulness of a prosecution on purely legal, as opposed to factual, grounds. *See United States v. Coscia*, 866 F.3d 782, 790 (7th Cir. 2017) (considering defendant's contention that the indictment must be dismissed because the statute under which it is brought is unconstitutionally vague). A court may decide all questions of law raised in a motion to dismiss, including the constitutionality and interpretation of a federal statute. *See United States v. Sorich*, 523 F.3d 702, 706 (7th Cir. 2008).

**Discussion**

    *A. Second Amendment*

The Second Amendment to the United States Constitution states: "A well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed." U.S. Const. amend. II. The Second Amendment guarantees the right of "law-abiding, responsible citizens" to keep and bear arms for self-defense. *District of Columbia v. Heller,* 554 U.S. 570, 635 (2008).

In *Bruen,* the Supreme Court announced a new test for analyzing the constitutionality of firearm restrictions. 142 S. Ct. at 2127. First, courts must determine whether the "Second Amendment's plain text covers an individual's conduct." *Id.* at 2129–30. If so, the Constitution presumptively protects that conduct and the burden shifts to the government to "demonstrate that the regulation is consistent with this Nation's historical tradition of firearm regulation." *Id.* at 2126. Only then may the Court conclude that the "individual's conduct falls outside the Second Amendment's 'unqualified command.'" *Id.* (citing *Konigsberg v. State Bar of Cal.*, 366 U.S. 36, 50 n.10, 81 S. Ct. 997, 6 L. Ed. 2d 105 (1961)); *see also United States v. Rahimi*, No. 22-915, 2024 WL 3074728, at *6 (U.S. June 21, 2024) (applying *Bruen*).

    B.   Section 922(g)(1)

Barenas-Reynoso first challenges the constitutionality of Section 922(g)(1). However, the Seventh Circuit recently foreclosed criminal defendants from challenging the constitutionality of the felon-in-possession statute. *See United States v. Gay*, 98 F.4th 843, 846 (7th Cir. 2024). In *Gay*, the defendant challenged his conviction under Section 922(g)(1) on appeal, arguing that the Second Amendment permitted persons with felony convictions like himself to possess firearms. *Id.* The Seventh Circuit noted that the defendant's argument was "hard to square" with the language from *Heller* that "longstanding prohibitions on the possession of firearms by felons." *Id.* ("Justices Alito and Kavanaugh, whose votes were essential to the majority, wrote separately to say that *Bruen* did not change anything about *Heller.*") (citing *Bruen*, 597 U.S. at 72 (Alito, J., concurring) ("Our holding decides nothing about who may lawfully possess a firearm ... Nor have we disturbed anything that we said in *Heller* or *McDonald* about restrictions that may be imposed on the possession or carrying of guns."). Courts in this district have interpreted *Gay* as foreclosing challenges to the felon-in-possession statute. *See, e.g., United States v. Fillyaw*, No. 23 CR 650, 2024 WL 3338940, at *1 (N.D. Ill.

July 9, 2024) (Kenelly, J.) (finding defendant's challenge to Section 922(g)(1) foreclosed by *Gay*.) This Court agrees with this view and finds that Barenas-Reynoso's challenge fails.

The *Gay* court proceeded, however, to assume without deciding "for the sake of argument that there is *some room* for as-applied challenges" to § 922(g)(1) and rejected the as-applied challenge from the defendant. *Gay*, 98 F.4th at 846–847. Specifically, the court thus concluded that the defendnat was "not a 'law-abiding, responsible' person who has a constitutional right to possess firearms" given his criminal history and the fact he violated the statue while on parole. Thus, the court rejected his attempt to challenge his conviction under Section 922(g)(1). *Id.* Here, Barenas-Reynoso has a significant criminal history, including most recently a felony conviction for possessing cocaine with intent to distribute—a crime recognized as posing a risk of gun violence. *See United States v. Bullock*, 632 F.3d 1004, 1016 (7th Cir. 2011) (characterizing drug crimes as being "associated with dangerous and violent behavior" and thus "warrant[ing] a higher degree of precaution"). Based on this evidence, the Court finds that Barenas-Reynoso is not a "law-abiding citizen" under *Gay*. Accordingly, this Court finds that as applied to Barenas-Reynoso, Section 922(g)(1) is constitutional.

C. *Section 924(c)*

The next issue is whether Section 924(c) is constitutional under *Bruen*. At the hearing, Barenas-Reynoso argued that at the time of the Founding, the Framers did not contemplate extended term sentences for crimes solely because a weapon was involved. Barenas-Reynoso also argued that the weapon could have been used for a lawful purpose given the fact that the weapon was found in the home and that there was no allegation that the weapon was used in furtherance of the commission of a crime.

The Court notes that this was not the dispositive question for the purposes of *Bruen*. The law requires courts to determine whether the Second Amendment's plain text covers an individual's conduct. If it does, the conduct is "presumptively protect[ed]," and the government bears the

burden of demonstrating that the challenged regulation "is consistent with the Nation's historical tradition of firearm regulation." *Bruen,* at 2129–30.

Here, Barenas-Reynoso cannot satisfy the first step in the analysis. The text of the Second Amendment does not cover an individual's right to use or carry a firearm "during and in relation to" a federal drug trafficking crime or crime of violence, or to possess a firearm "in furtherance of" any such crime—i.e., the conduct prohibited under Section 924(c). Instead, the Second Amendment protects the right to bear arms "for a lawful purpose," *see Heller*, 554 U.S. at 620, and, in particular, "individual self-defense," *see McDonald*, 561 U.S. at 767; *id.* at 780 (explaining that "the Second Amendment protects a personal right to keep and bear arms for lawful purposes"). The Seventh Circuit has previosuly rejected Second Amendment challenges to Section 924(c), finding that the Second Amendment's protections do not extend to using or possessing a gun to facilitate other federal crimes. *See United States v. Jackson*, 555 F.3d 635, 636 (7th Cir. 2009) ("The Constitution does not give anyone the right to be armed while committing a felony, or even to have guns in the next room for emergency use should suppliers, customers, or the police threaten a dealer's stash."). Thus, Section 924(c) is not covered by the plain text of the Second Amendment and is facially constitutional.

**Conclusion**

Sections 922(g)(1) and 924(c) do not violate the Second Amendment as applied to Barenas-Reynoso. Thus, the Court denies the motion to dismiss [603].

**IT IS SO ORDERED.**

Date: 7/23/2024

Entered: _____
SHARON JOHNSON COLEMAN
United States District Judge