UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Case No. 19-CR-351-8 |
| | ) | |
| JUAN MANUEL BARENAS-REYNOSO | ) | Judge Sharon Johnson Coleman |
| | ) | |

MEMORANDUM OPINION AND ORDER

On April 24, 2025, a jury convicted defendant Juan Manuel Barenas-Reynoso ("Defendant") of one count of knowingly possessing a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A). Before the Court is Defendant's post-trial motions pursuant to Federal Rules of Criminal Procedure 29 and 33. For the following reasons, the Court denies Defendant's post-trial motions [727].

**BACKGROUND**

On April 25, 2019, Defendant was arrested by law enforcement officers. Following the arrest, the officers obtained consent to search Defendant's home, a two-bedroom apartment. During the search, the officers recovered a loaded .25 caliber Astra-Unceta cub-pocket pistol on a shelf in a utility closet in the front bedroom of the home. The firearm was located behind approximately 270 grams of cocaine and 99 grams of heroin. The officers also recovered a digital scale and an additional 17 grams of cocaine in a different room as well as plastic sandwich bags, a role of shrink wrap and rubber bands.

The parties stipulated that Defendant committed the crime of possession with intent to distribute the controlled substances recovered from Defendant's home and that Defendant knowingly possessed a firearm and that such possession was unlawful. Therefore, the only disputed element of the charged offense for the jury to decide was whether Defendant possessed the firearm in furtherance of the crime of possession with intent to distribute the controlled substances.

1

During the two-day jury trial, the Government elicited testimony from Special Agents Timothy Jennings ("Agent Jennings") and David Ostrow ("Agent Ostrow") and Task Force Officer Chris Chmelar ("Officer Chmelar"). Agent Jennings and Officer Chmelar provided eyewitness testimony regarding the recovery of the items, including the firearm, during the search of Defendant's home. Agent Ostrow testified as an expert witness on the issue of possessing a firearm in furtherance of drug trafficking.

The jury was instructed that a person possessed a firearm "in furtherance of" a crime if the firearm furthered, advanced, moved forward, promoted, or facilitated the crime; that the mere presence of a firearm at the scene of a crime is insufficient to establish that the firearm was possessed "in furtherance of" the crime; and that there must be a connection between the firearm and the crime charged.

On April 24, 2025, the jury found Defendant guilty of knowingly possessing a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A).

**DISCUSSSION**

    **I.**    **Motion for Judgment of Acquittal**

A defendant seeking a post-trial judgment of acquittal faces an extremely high hurdle. *United States v. Vizcarra-Millan,* 15 F.4th 473, 506 (7th Cir. 2021). This is because when assessing Rule 29 motions, "courts view the evidence in the light most favorable to the government to determine whether any rational trier of fact could have found the essential elements of the charged offense beyond a reasonable doubt." *United States v. Wallace,* 991 F.3d 810, 812 (7th Cir. 2021). In doing so, courts do not re-weigh the evidence or second-guess credibility determinations and make all reasonable inferences in the government's favor. *United States v. Ginsberg,* 971 F.3d 689, 695 (7th Cir. 2020).

Defendant moves for judgment of acquittal, arguing that the evidence presented at trial was insufficient for a reasonable jury to return a guilty verdict. He contends that the evidence presented at trial only shows that the firearm was located behind the drugs in a hidden area and proximity alone is insufficient to find that the firearm was used in furtherance of a drug trafficking crime.

"The 'in furtherance of' element is fact intensive." *United States v. Duran,* 407 F.3d 828, 840 (7th Cir. 2005) (internal citations omitted). The Seventh Circuit has employed a list of factors that can be considered in determining whether a firearm was possessed "in furtherance of" the drug activity, such as "the type of drug activity that is being conducted, accessibility of the firearm, the type of the weapon, whether the weapon is stolen, the status of the possession (legitimate or illegal), whether the gun is loaded, proximity of drugs or drug profits, and the time and circumstances under which the gun is found." *Duran,* 407 F.3d at 840 (7th Cir. 2005) (internal citations omitted). No single factor is outcome-determinative. *Id.* at 840 (internal citations omitted).

Defendant contends that there is no evidence that any drug activity was conducted from Defendant's home, the firearm was not easily accessible or viewable, and that the type of gun and circumstances under which the gun was found point to innocent possession. Defendant acknowledges that both the unlawful possession of the firearm and the fact the firearm was loaded favor the Government.

Specifically, Defendant argues that this case differs from *U.S. v. Castillo,* 406 F.3d 806 (7th Cir. 2005), where the Seventh Circuit affirmed the jury's verdict as it relates to the "in furtherance of" element, because the firearm at issue is not a shotgun and there is no evidence that Defendant conducted transactions from his home. However, Defendant fails to explain why the cases cited by the Government in support of its position on the issue are distinguishable from this case. *See United States v. Perryman,* 20 F.4th 1127, 1134-35 (7th Cir. 2021) (loaded gun, three to four steps away from large quantities of drugs established "in furtherance" element); *United States v. Amaya,* 828 F.3d 518,

526 (7th Cir. 2016) (finding the fact that gun was concealable supported the jury verdict); *United States v. Eller,* 670 F.3d 762, 766 (7th Cir. 2012) (where defendant, who ran a marijuana grow operation valued in the thousands of dollars, kept a loaded, unlocked firearm a few feet from his front door was found sufficient to establish "in furtherance" prong); *United States v. Huddleston,* 593 F.3d 596, 602 (7th Cir. 2010) (loaded, concealable gun found within a few inches of drugs was sufficient to support § 924(c) conviction); *United States v. Mitten,* 592 F.3d 767, 778 (7th Cir. 2010) (loaded gun found in same apartment and in close proximity to drugs and money is sufficient to establish "in furtherance" element). Indeed, Defendant failed to file a reply brief in support of his motion. Although failure to address an argument raised in a response brief does not always result in a formal waiver, it does so here. *See Bradley v. Village of University Park,* 59 F.4th 887, 897 (7th Cir. 2023); *Webb v. Frawley,* 906 F.3d 569, 582 (7th Cir. 2018) ("Yet because [plaintiff] did not respond to this point in his reply brief, he waived any counterarguments he could have raised.")

Even more so, the overwhelming evidence presented at trial supports the jury's verdict. At trial, the Government elicited testimony from Officer Chmelar that the firearm was found "inches away" from the recovered drugs. April 23, 2025 Tr. at 82:15-22. Agent Ostrow opined that it is common to recover firearms in the same location as the drugs. April 23, 2025 Tr. at 108:23 – 109:7. Agent Ostrow also testified that, generally, drug dealers use small guns because they are "easily concealable on a person or in a vehicle" and therefore easier "to hide from law enforcement." April 23, 2025 Tr. at 105: 12-18. Agent Jennings also testified that law enforcement officers recovered additional drugs and drug trafficking tools from Defendant's home during the search, such as plastic sandwich bags, a roll of shrink wrap, a digital scale and rubber bands. April 22, 2025 Tr. at 23:17-26:24.

Furthermore, Defendant stipulated to the possession of 270 grams of cocaine and 99 grams of heroin with intent to distribute. Based on his training and experience, Agent Ostrow opined that

the quantity of drugs was consistent with distribution, as a typical user dose for each drug is approximately one-tenth of a gram. April 23, 2025 Tr. at 111:17-112:6; 113:1-10. Agent Ostrow further testified that, at the time of Defendant's arrest in 2019, the recovered drugs had a wholesale value of over $12,500, which would be even higher on the street. April 23, 2025 Tr. at 112:7-113:20.

The Court also finds that the "in furtherance" instructions provided to the jury were sufficient to ensure the jury properly considered all evidence in reaching its verdict and did not solely rely on the proximity of the firearm to the drugs in making its determination.

In viewing the evidence in totality in the light most favorable to the Government, the Court denies Defendant's Rule 29 motion for acquittal.

**II.    Motion for New Trial**

Rule 33 authorizes district courts to "vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Crim. P. 33. Granting a new trial is "reserved for only the most extreme cases," and courts "approach such motions with great caution." *United States v. Coscia*, 4 F.4th 454, 465 (7th Cir. 2021) (citations omitted). "The applicable standard under Rule 33 requires a new trial 'only if there is a reasonable possibility that the trial error had a prejudicial effect on the jury's verdict.'" *United States v. Maclin*, 915 F.3d 440, 444 (7th Cir. 2019) (quoting *United States v. Flournoy*, 842 F.3d 524, 530 (7th Cir. 2016)). "The ultimate inquiry is whether the defendant was deprived of a fair trial." *United States v. Friedman,* 971 F.3d 700, 713 (7th Cir. 2020) (citation omitted). District courts have considerable discretion in determining Rule 33 motions. *Id.* at 716.

First, Defendant argues that the Court erred in allowing Agent Ostrow to testify as an expert witness under Fed. R. Evid. 702. The Seventh Circuit has found, however, that expert testimony can help assist the jury in determining whether a defendant possessed a gun in furtherance of a drug crime. *See United States v. Thomas,* 970 F.3d 809, 815 (7th Cir. 2020) (citing *United States v. Blount,* 502 F.3d 674, 680 (7th Cir. 2007) ("The average juror does not know how a drug business is run, and to that extent

5

[a law enforcement expert's] testimony was useful in showing the link between [drugs] and guns.")). Defendant offers no case law to contradict this well-settled principle, and the Court sees no reason to deviate from precedent.

Next, Defendant asserts that Agent Ostrow improperly testified in a dual-role capacity as both a lay witness and expert witness. Agent Ostrow, on both direct- and cross-examination, testified that he was not involved in the investigation. April 23, 2025 Tr. at 106:7-9 ("Q: Were you personally involved in the investigation that led to the charges in this case? A: I was not."); April 23, 2025 Tr. at 125:2-8 ("Q: You have no personal knowledge of this case other than your review of some reports, forms, and labs and the firearm, correct? A: That's correct. Q: You were not present at the location of Mr. Barenas-Reynoso's arrest on April 25th, 2019, were you? A: That's correct, I was not present.") As Agent Ostrow made it clear, on two separate occasions, that he did not have knowledge of the investigation and was only testifying as an expert, the Court finds Agent Ostrow did not impermissibly testify in a dual-role capacity and Agent Ostrow's testimony was acceptable. *See Eller,* 670 F.3d at 767 (finding no error when it was made clear to jury that agent was not familiar with defendant, was not present during search of home or assigned to the investigation, but that testimony was based on common criminal practices, agent's experience, and her expert opinions); *see also Blount,* 502 F.3d at 679 ("[S]uch testimony should not be excluded under Rule 704(b) as long as it is made clear, either by the court expressly or in the nature of the examination, that the opinion is based on the expert's knowledge of common criminal practices, and not on some special knowledge of the defendant's mental processes.") (internal citations omitted).

Lastly, Defendant contends that Agent Ostrow improperly defined "in furtherance of" in violation of this Court's order when he testified "there's always a drug nexus." The Court finds this argument is misplaced. During cross-examination, Defense counsel elicited the following testimony regarding Agent Ostrow's background:

> Q: And is it also fair to say that you have been involved in firearms cases that did not involve drugs?
> A: No. Every single one did involve drugs.
> Q: Is that because you're a DEA agent?
> A: FBI, but I work on a narcotics task force, yes. So there's always a drug nexus.

April 23, 2025 Tr. at 125:19-24.

Clearly, Agent Ostrow's testimony did not define "in furtherance of" and improperly opine on whether Defendant possessed the gun in furtherance of the drug crime. Rather, Agent Ostrow's testimony, educed by Defense counsel, was narrowly tailored to his work as a law enforcement agent: that he is only involved in firearm cases where there is a "drug nexus" since he is on the narcotics task force. There was no suggestion that the testimony was opining on the "in furtherance" element of drug trafficking crimes generally, nor in this specific case. The question was direct and concise and did not indicate that Agent Ostrow was commenting on Defendant's state of mind. The Court finds Agent Ostrow did not invade the province of the jury by testifying about Defendant's state of mind.

Accordingly, the Court denies Defendant's Rule 33 motion.

**CONCLUSION**

For these reasons, the Court denies Defendant's post-trial motions [727]. The parties should be prepared to schedule the sentencing date during the August 20th status hearing.

**IT IS SO ORDERED.**

Date: 8/14/2025

Entered: _____
SHARON JOHNSON COLEMAN
United States District Judge

7