# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 19-cr-00351-8 |
| v. | ) | |
| | ) | Judge Sharon Johnson Coleman |
| JUAN MANUEL BARENAS-REYNOSO, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Defendant Juan Manuel Barenas-Reynoso has been convicted of several crimes, including possessing a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c). He is currently awaiting sentencing. Before the Court is an unusual motion from Mr. Barenas-Reynoso [748], requesting that the Court order him to serve his sentence under § 924(c) immediately, but stay the execution of the sentence for his other crimes until after his § 924(c) sentence is complete. He requests this relief so that his sentences will not be aggregated together by the Bureau of Prisons, which will allow him the opportunity to earn credits for good behavior under the First Step Act during the "second" portion of his sentence. However, in light of Seventh Circuit precedent concerning sentence aggregation, as well as findings made in this opinion, the Court believes that such relief is unnecessary. Specifically, the Court finds that Mr. Barenas-Reynoso's forthcoming sentence to be imposed for violating § 924(c) is distinct and disaggregated from the sentences to be imposed for his other crimes. As such, for First Step Act purposes, the § 924(c) sentence shall not be regarded by the Bureau of Prisons or any other entity as aggregated together with Mr. Barenas-Reynoso's other sentences. The Court therefore denies Mr. Barenas-Reyono's motion [748] as moot.

## BACKGROUND

**Procedural History**

Across two trials and a guilty plea, Mr. Barenas-Reynoso has been convicted of several crimes relating to his participation in a drug trafficking organization. On April 28, 2023, a jury convicted Mr. Barenas-Reynoso of possessing cocaine with intent to distribute (Count 3), and of conspiring to do the same (Count 1). On April 18, 2025, Mr. Barenas-Reynoso pled guilty to a second charge of drug possession with intent to distribute (Count 5), as well as to having been a felon in possession of a firearm (Count 6). Finally, on April 24, 2025, a second jury convicted Mr. Barenas-Reynoso of possessing a firearm in furtherance of a drug trafficking crime (Count 7), in violation of 18 U.S.C. § 924(c)(1)(A)(i).

Counts 1, 3, 5, and 6 are grouped together for sentencing purposes and collectively carry a statutory minimum sentence of ten years and a maximum of life in prison. Dkt. 734 at *10. Count 7 is grouped separately and carries a minimum sentence of five years in prison, which cannot be served concurrently with any other sentence. *Id.*; 18 U.S.C. § 924(c)(1)(D)(ii).

Mr. Barenas-Reynoso filed the instant motion on November 27, 2025. Dkt. 748 [hereinafter "Def. Br."]. At the time, he was scheduled for sentencing the next day. After receiving the motion, the Court delayed the sentencing hearing to February 2, 2026 to allow the Government time to respond, and for the Court to give Mr. Barenas-Reynoso's motion appropriate consideration.

## LEGAL STANDARD

"It is… well established that a judge or other sentencing authority is to be accorded very wide discretion in determining an appropriate sentence." *Wasman v. United States*, 468 U.S. 559, 563 (1984). "[S]o long as the sentence imposed by the court is within statutory limits and is not in violation of the Constitution, 'it is only subject to review on appeal for a manifest abuse of discretion.'" *Williams v. United States*, 805 F.2d 1301, 1308 n.8 (7th Cir. 1986) (quoting *United States v. Mitchell*, 788 F.2d 1232,

1237 (7th Cir.1986)); *see* 18 U.S.C. § 3553; Fed. R. Crim. P. 32(h). A sentencing judge also enjoys discretion, "in cases where related offenses are prosecuted in multiple proceedings, to establish sentences 'with an eye toward having such punishments approximate the total penalty that would have been imposed had the sentences for the different offenses been imposed at the same time....'" *United States v. Gonzales*, 520 U.S. 1, 9 (1997) (quoting *Witte v. United States*, 515 U.S. 389, 404 (1995)). Where not dictated by statute, that discretion includes the general discretion to order that multiple sentences be served consecutively or to aggregate sentences to be served concurrently. *Id.*; *Setser v. United States*, 566 U.S. 231, 236 (2012); 18 U.S.C. § 3584.

## DISCUSSION

### I.     The First Step Act

In December 2018, during his first administration, President Trump signed the First Step Act ("FSA" or "the Act") into law. Pub. L. 115–391, 132 Stat. 5194. The law amended wide swaths of the federal criminal code with the aim of reducing recidivism and reducing overly punitive sentencing practices, among other goals. As relevant here, the Act created an incentive structure for federal prisoners, allowing them to earn time credits and other rewards in exchange for good behavior. 18 U.S.C. § 3632(d). However, the Act also specified that prisoners "serving a sentence for a conviction under" certain enumerated statues cannot earn time credits. *Id.* § 3632(d)(4)(D). Among those enumerated statutes is 18 U.S.C. § 924(c), which prohibits possessing a firearm in furtherance of a drug trafficking crime, *id.* § 3632(d)(4)(D)(xxii), and which is also the statute that Mr. Barenas-Reynoso violated in Count 7.

As noted above, a conviction under § 924(c) carries with it a statutory minimum sentence of five years in prison, which cannot be served concurrently with any other sentence. 18 U.S.C. § 924(c)(1)(D)(ii). However, for administrative purposes, the Bureau of Prisons ("BOP") generally treats multiple terms of imprisonment running consecutively or concurrently "as a single, aggregate term of

imprisonment" for all sentences simultaneously. 18 U.S.C. § 3584(c); *see United States v. Hudson*, 967 F.3d 605, 611 (7th Cir. 2020) (citing *id.* and *United States v. Litos*, 847 F.3d 906, 909 (7th Cir. 2017)). For example, a prisoner serving a ten-year sentence for a drug crime and a five-year sentence for using a firearm in furtherance of that crime will be regarded by BOP as serving a single 15-year sentence for both crimes. *Hudson*, 967 F.3d at 610.

Such aggregation has significant implications for the First Step Act. Prisoners sentenced prior to the passage of the Act and serving an aggregate sentence for multiple crimes are eligible for a reduction of the entire sentence, so long as at least one of the crimes is subject to sentence reduction under the Act. *Hudson*, 967 F.3d at 609–10. Thus, the Seventh Circuit ruled in *Hudson* that a defendant who was serving an aggregate sentence for possessing crack-cocaine (an offense eligible for sentence reduction under the Act) and for being a felon in possession of a firearm (an offense not covered by the Act) was eligible, within the district court's discretion, to have the length of his entire sentence reduced. *Id.* But the aggregation cuts both ways for prisoners. Multiple district courts in this circuit have held that a prisoner who is serving an aggregate sentence partly derived from a crime that is ineligible for First Step Act time credits may not receive such credits for any part of the sentence. *See, e.g., Whitfield v. Sproul*, 2024 WL 4434086 (S.D. Ill. Oct. 7, 2024); *Broadnax v. Keyes*, 2023 WL 8481559 (W.D. Wis. Nov. 3, 2023). The basic reasoning extrapolates from *Hudson*: a prisoner who "is serving a sentence for an offense covered by the FSA, and an offense explicitly excluded from time credit," is serving an aggregate sentence that "may be considered 'covered' by the FSA, but [which] is also ineligible for FSA time credit." *Whitfield*, No. 3:23-CV-02687-JPG, 2024 WL 4434086, at *2 (discussing implications of *Hudson*).

The import of everything above: if Mr. Barenas-Reynoso serves an aggregate sentence for all his convictions, then he will be ineligible to receive FSA time credits for the entire duration of his time in custody, rather than just being ineligible for the portion reflecting the § 924(c) conviction.

– 4 –

## II.     The Relief Sought by Mr. Barenas-Reynoso

To avoid this situation, Mr. Barenas-Reynoso has submitted an unusual motion requesting that the Court sentence him as it otherwise would, but stay the execution of his concurrent drug and felon-in-possession sentences until after the completion of his § 924(c) sentence. This would effectively disaggregate the Count 7 sentence from the others, and it would thereby give Mr. Barenas-Reynoso the opportunity to earn FSA time credits after his § 924(c) sentence is completed.

### A. The Government's Opposition

The Government opposes Mr. Barenas-Reynoso's motion on two primary grounds. Dkt. 751. First, it argues that the text of § 924(c) precludes serving a sentence for that crime prior to serving a sentence for the underlying drug crime. *Id.* at *3–4. The statute itself specifies that a sentence imposed under § 924(c) shall be served "in addition to the punishment provided for such . . . drug trafficking crime." 18 U.S.C. § 924(c)(1)(A)(i). The Government also cites a recent Supreme Court opinion where the Court wrote that a § 924(c) sentence "must run consecutively to any other term of imprisonment." *Hewitt v. United States*, 606 U.S. 419, 422 (2025).

But neither the statutory text nor the Supreme Court opinion provides support for the Government's position. As an initial matter, the quoted language from *Hewitt* is an off-the-cuff observation at the beginning of the opinion, rather than a reasoned opinion. *Id.* As such, it is likely dictum rather than precedent. *See United States v. Crawley*, 837 F.2d 291, 292 (7th Cir. 1988) (defining dictum as "a statement in a judicial opinion that could have been deleted without seriously impairing the analytical foundations of the holding" (citing *Sarnoff v. American Home Products Corp.*, 798 F.2d 1075, 1084 (7th Cir.1986)).

Second, there is nothing in the statute or in *Hewitt* mandating that a § 924(c) sentence be served in any particular order with respect to the sentence for the underlying crime.[1] Sentence A can be consecutive to Sentence B regardless of whether Sentence A comes before or after Sentence B. *See* "Sentence," Black's Law Dictionary (12th ed., 2024) (defining "consecutive sentences" as "Two or more sentences of jail time to be served in sequence"). Additionally, the legislative history of the statute explicitly provides that "the Committee intends that the mandatory sentence under the revised subsection 924(c) be served prior to the start of the sentence for the underlying or any other offense." S. Rep. No. 98-225 at 313 (1984). In a somewhat analogous case from 1992, the 11th Circuit ruled on the basis of this legislative history that the prisoner in that case must serve his § 924(c) sentence first, followed by his sentence for the underlying offense. *Jackson v. United States*, 976 F.2d 679, 682 (11th Cir. 1992). Given that the statute is silent as to the order of the sentences, the unambiguous legislative history receives controlling weight. *See Barrett v. United States*, No. 24-5774, 2026 WL 96659, at *7, 11 (U.S. Jan. 14, 2026) (using tools of statutory analysis, including legislative history, to discern Congress's intention in crafting § 924(c)). The Court declines at this juncture to determine whether Mr. Barenas-Reynoso's Count 7 sentence legally *must* be served prior to his sentence for Counts 1, 3, 5, and 6. But at least in the case of Mr. Barenas-Reynoso, the Court rules that, regardless of anything else, Mr. Barenas-Reynoso's forthcoming sentence under § 924(c) shall be served prior to the sentence for the underlying drug crime.

Second, the Government argues that the text of the First Step Act itself precludes the relief that Mr. Barenas-Reynoso seeks. However, it doesn't elaborate why that is the case beyond pointing

---

[1] Indeed, the statutory text does not actually require that a sentence under § 924(c) be served consecutively with a sentence for the underlying drug crime. Instead, it says that "no term of imprisonment imposed on a person under this subsection shall run concurrently with any other term of imprisonment." 18 U.S.C. § 924(c)(1)(D)(ii). One usually thinks of "not concurrent" as meaning "consecutive," but strictly speaking, that is not what the statute says. A partially-stayed sentence of the sort sought by Mr. Barenas-Reynoso would not seem to violate the text of the statute.

out that the First Step Act does not allow a prisoner to receive time credits for a sentence under § 924(c). But that is not a point in dispute. Mr. Barenas-Reynoso concedes that he cannot earn time credits for a § 924(c) sentence. Pl. Br. *2–3. The more relevant question is whether anything in the First Step Act itself prohibits a partial stay of the sort sought by Mr. Barenas-Reynoso, or otherwise prohibits a prisoner serving sentences under § 924(c) and under other statutes from earning time credits once the § 924(c) sentence has concluded. On that count, the Court sees nothing in the relevant statutory text requiring such a result. The Act only states that a prisoner "serving a sentence for a conviction under" § 924(c) will be ineligible for time credit. 18 U.S.C. § 3632(d)(4)(D)(xxii). BOP policy and 18 U.S.C. § 3584(c) may compel the conclusion that a prisoner serving an aggregate sentence under § 924(c) and under other statutes is ineligible for time credits for the entire duration of the sentence, but that is a result of the interaction of multiple statutes and policies, not a result of the First Step Act by itself. Additionally, such a result would seem to conflict with the policy choices underlying the Act. The law aims to reduce recidivism in part by incentivizing prisoners to engage in good behavior while behind bars. 18 U.S.C. § 3632(a). That goal would be undermined if the First Step Act, by itself, prohibited a prisoner serving a sentence under § 924(c) from earning time credits for consecutive sentences under other statues after the conclusion of his or her § 924(c) sentence. Congress included a long list of excluded crimes in the Act; if it intended to bar eligibility for time credits for other crimes, it certainly could have said so. And, as the Supreme Court has stated, "Nothing in the text and structure of the First Step Act expressly, or even implicitly, overcomes the established tradition of district courts' sentencing discretion." *Concepcion v. United States*, 597 U.S. 481, 495 (2022).

The Government's arguments against Mr. Barenas-Reynoso's motion have no basis in law or precedent. They would frustrate the policy determinations of Congress underlying the First Step Act

and would diminish the sentencing discretion long entrusted to district courts. The Court therefore rejects them.

### III.     Findings Related to Sentence Aggregation

The Court is sympathetic to Mr. Barenas-Reynoso's desire to have the opportunity to earn time credits after his § 924(c) sentence has concluded. The Court believes that, all else being equal, incentivizing good prisoner behavior is a laudatory goal that helps to protect the health and safety of prisoners, prison officials, and the community at large. As noted above, allowing Mr. Barenas-Reynoso's sentence for Count 7 to prohibit him from earning time credits for the duration of his other sentences would frustrate Congress's aims in adopting the First Step Act. Here, the specific relief requested by Mr. Barenas-Reynoso—a complicated plan of partially staying the execution of his sentence for Counts 1, 3, 5, and 6— is likely unmanageable. However, Seventh Circuit precedent offers another, and much more manageable, means of providing the ultimate relief he seeks.

Mr. Barenas-Reynoso assumes in his motion that a sentence under § 924(c), to be served concurrently with a sentence for his other crimes, will necessarily be regarded by the BOP as a single aggregate sentence. The Court is not aware of any cases, in this circuit or elsewhere, examining the sort of prospective relief that Mr. Barenas-Reynoso desires. However, the Seventh Circuit has held that consecutive sentences should not necessarily be aggregated together for First Step Act purposes. In *United States v. Curtis*, the court of appeals discussed sentence aggregation at length in the context of the FSA. 66 F.4th 690 (7th Cir. 2023). Like Mr. Barenas-Reynoso, the petitioner in *Curtis* had been convicted of multiple drug offenses and some firearm offenses, including a violation of § 924(c), for which he was serving "several consecutive sentences." *Id.* at 691. Mr. Curtis's sentences were imposed prior to the First Step Act; after the Act's passage, he petitioned for a sentence reduction pursuant to the FSA. The Act permitted a sentence reduction for his drug offenses, but it was silent as to the

firearm offenses. Mr. Curtis argued that, under *Hudson*, his sentences should be aggregated together to allow a reduction in the duration of the entire aggregate sentence. *Id.*

The Seventh Circuit disagreed. Although an aggregate sentence for both "covered" and "non-covered" offenses must, under the First Step Act, be eligible for sentence reduction, the court of appeals found that "the key question" determining the outcome was whether Mr. Curtis's multiple consecutive sentences "can be characterized as an aggregate sentence." *Id.* at 694. It held that whether sentences have been aggregated depends on "whether there is reason to think that, at the time of sentencing, the two sentences were interdependent." *Id.* The Seventh Circuit concluded that Mr. Curtis's sentences were *not* interdependent, and thus not aggregated for First Step Act purposes, because (1) they were not grouped for sentencing; (2) there was no indication in the record that the sentencing court intended to issue "one global sentence"; and (3) there also was no indication that the sentencing court regarded the sentences issued for the firearms offenses as "related to or predicated on Curtis's underlying convictions for" his drug crimes. *Id.* at 695. The court also specifically rejected an argument that, because a § 924(c) conviction cannot exist without a conviction for the underlying crime, the sentences must be interrelated. *Id.* at 694. Instead, it noted that "Offenses can be related at the guilt phase in ways that are distinct from their integration for sentencing purposes." *Id.* Ultimately, the Seventh Circuit held that "The record shows that [Curtis's] three consecutive sentences on the Firearms Counts and the Section 924(c) conviction were distinct and disaggregated from his sentences for the covered crack-cocaine offenses." *Id.* at 695. The court therefore concluded that "The only sentence that was aggregated with a conviction covered by the First Step Act was Curtis's sentence for the Drug Conspiracy Counts, and therefore only that sentence could be examined for resentencing under the First Step Act." *Id.*

Since *Curtis*, the Seventh Circuit has reaffirmed its holding. *See United States v. Johnson*, 132 F.4th 1012, 1018 (7th Cir. 2025); *see also United States v. States*, 72 F.4th 778, 792 (7th Cir. 2023). The reasoning

of *Curtis* has also been adopted by several other circuits who have held that determining the interrelation of sentences is a matter committed, in the first instance, to the district court's discretion. As the Fourth Circuit observed, "We believe the trial judge would be better situated [than the court of appeals] to determine whether the noncovered counts were interrelated when she initially sentenced the defendant." *United States v. Richardson*, 96 F.4th 659, 669 (4th Cir. 2024); *see also United States v. Dale*, 156 F.4th 757, 769 (6th Cir. 2025).

Mr. Barenas-Reynoso's case is similar to Mr. Curtis's in many respects. Like Mr. Curtis, Mr. Barenas-Reynoso has been convicted of violating drug trafficking statutes as well as § 924(c). And like Mr. Curtis, Mr. Barenas-Reynoso's § 924(c) charge is not grouped together for sentencing purposes with the underlying crime. Moreover, Mr. Barenas-Reynoso's record provides even more reason than was the case for Mr. Curtis to regard his forthcoming sentence for § 924(c) as not interrelated with the sentences for his other crimes. Unlike Mr. Curtis, whose § 924(c) conviction came from the same trial as his other convictions, Mr. Barenas-Reynoso's § 924(c) conviction came from a separate trial at which the violation of § 924(c) was the only charge. The Court also affirmatively states that the sentence it will impose upon Mr. Barenas-Reynoso for Count 7 does not constitute "one global sentence" with Counts 1, 3, 5, and 6; and neither does this Court regarded the sentences to be imposed for the firearms offenses as related to or predicated on Mr. Barenas-Reynoso's underlying convictions for his drug crimes.

The Court therefore finds that Mr. Barenas-Reynoso's Count 7 sentence is distinct and disaggregated from his sentences for Counts 1, 3, 5, and 6. The sentences are neither integrated nor interrelated, and they constitute neither one global sentence no one big sentencing package. As such, under *Curtis*, the BOP (and any other relevant entity) shall not consider Mr. Barenas-Reynoso's sentences as aggregated together for the purpose of the First Step Act. Additionally, as noted above, Mr. Barenas-Reynoso must serve his § 924(c) sentence prior to his other sentences. Once the time

– 10 –

designated for Mr. Barenas-Reynoso's § 924(c) conviction has concluded, 18 U.S.C. § 3632(d)(4)(D)

shall not serve as a bar to prohibit Mr. Barenas-Reynoso from earning time credits under the First

Step Act. Of course, Mr. Barenas-Reynoso must still earn those credits through good behavior, but

he will be eligible to earn them.

### CONCLUSION

For the foregoing reasons, the Court finds that Mr. Barenas-Reynoso must serve the sentence

to be imposed for violating 18 U.S.C. § 924(c) prior to the sentences to be imposed for his other

crimes. However, the § 924(c) sentence is distinct and disaggregated from the sentences for the other

crimes. For First Step Act purposes, the § 924(c) sentence shall not be regarded by the Bureau of

Prisons or any other entity as aggregated together with Mr. Barenas-Reynoso's other sentences, and

18 U.S.C. § 3632(d)(4)(D) shall not preclude Mr. Barenas-Reynoso's eligibility to earn time credits

after the conclusion of his time in custody related to his § 924(c) conviction. The Court therefore

denies as moot Mr. Barenas-Reynoso's motion to partially stay the execution of his sentence [748].

**IT IS SO ORDERED.**

Date: 2/2/2026

Entered: _____
          SHARON JOHNSON COLEMAN
          United States District Judge